Mr. Justice Johnson
delivered the opinion of the court:
No objection was made in the court below or here, as to the admissibility of the evidence in reference to the form, of the declaration. I take it for granted, therefore, that there is nothing in the proceedings which precludes it, if damages for the loss of the crop could be recovered in an action of trespass vi et armis. The argument in support of the motion proceeded on the ground that those damages were the subject of a special action on the case, and not trespass vi et armis. In this view of the . subject, the point made, contains a proposition so self-evidpnt that I find it difficult to illustrate it; for if in the action of trespass vi et armis, a plaintiff can recover damages at all, *278 it follows of necessity, that the injury which is the immediate consequence, is that which is to be redressed. If it ivere otherwise, most casos of trespass would be damnum absque injuria, and no action would lie.
Clarke, for the motion.
Williams, contra.
It is not intended in the application of this principle to the present case, to advance the idea that the defendant would have beer. liable to damages resulting from all the remote consequences of the trespass, but that he is liable for the loss of the crop, if that was the necessary and unavoidable consequence of his removing the fence. Whether it was or not, was a question fairly submitted to the jury under this view of the law ; and their finding is conclusive.
The motion is refused.
.Justices Huger, Nott and Richardson, concurred.
Justice Colcock dissented.